## PHILLIPS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 58, September Term, 1957.]

*Decided January 23, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT and HORNEY, JJ.

HAMMOND, J., delivered the opinion of the Court.

Phillips, the applicant for leave to appeal from a denial of *habeas corpus* by Judge Raine of the Circuit Court for Baltimore County was on June 17, 1953, sentenced by the Criminal Court of Baltimore to eighteen months for violation of probation. On July 10, 1953, he was sentenced in the same court to serve an additional two years for assaults, by virtue of three concurrent sentences of two years' each, which were to run consecutively to the eighteen-month sentence. On March 28, 1955, the applicant was paroled, but on November 30, 1956, he was returned to prison for violation of parole without credit for time spent at liberty. On December 12, 1956, he received a new sentence of two years for attempted larceny, to be served concurrently with the sentence which had been interrupted by parole and which he was then serving. On January 10, 1957, applicant was awarded in the Baltimore City Traffic Court three sentences, one for six months and two for one year, which were to run concurrently with each other. The magistrate, however, did not state whether they were to be concurrent with or consecutive to the sentences that the applicant was then serving.

Phillips makes these points: (1) that time during which he was at liberty under parole supervision should have been credited against his sentence because Code, 1957 Supp., Art. 41, Sec. 91H, which empowers the Board of Parole and Probation to deny credit against the sentence for time spent under parole supervision, is unconstitutional; (2) that the violation of parole for which he was returned to prison occurred after the expiration of the sentences from which he was paroled (if time spent on parole were credited against the sentences); (3) that the sentence imposed on December 12, 1956, was invalid as it was imposed to be served concurrently with sentences which had expired (if time spent on parole were credited against the sentences); (4) that the sentences imposed on January 10, 1957, are not to be served

634

consecutively to previous sentences but concurrently therewith.

The constitutionality of Code, 1957 Supp., Art. 41, Sec. 91H, was considered and upheld in *Hall v. Warden*, 211 Md. 661, 663. Accordingly, failure of the Board to exercise its discretion in such manner as to grant credit does not deprive applicant of any constitutional right, even if we assume, without deciding, that such a ground could be raised on *habeas corpus*. *Williams v. Warden*, 209 Md. 627, 628.

What we have said obviates the need for discussion of applicant's second and third contentions, neither of which has merit. The Attorney General has advised the Warden of the House of Correction that the Traffic Court sentences run concurrently with the sentence of December 12, 1956— because the magistrate did not specify otherwise—and the Warden has acquiesced. This does not help Phillips now since he is presently legally confined under the two-year sentence of December 12, 1956.

*Application denied, with costs.*